UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK E. LEONARD, | No. 2:18-cv-2004 CKD P |
| Plaintiff, | |
| v. | ORDER |
| G. CASILLAS, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I. Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF Nos. 2, 5. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III. Complaint

Plaintiff alleges that defendants G. Casillas, A. Shahid, and P. Foster violated his rights under the First, Eighth, and Fourteenth Amendments. (ECF No. 1 at 3-9.) On October 9, 2017, plaintiff was transferred to Deuel Vocational Institution where he encountered defendant Casillas in the reception center during processing. (Id. at 3.) During his intake interview, plaintiff attempted to advise Casillas that there was a potentially life-threatening conflict between the prescriptions prescribed by his medical and mental health doctors. (Id.) Casillas refused to listen and threatened to charge plaintiff with a disciplinary infraction for trying to stay in the reception center. (Id.) Plaintiff responded that Casillas should go ahead and write him up because then he could file a grievance about it. (Id.) At some point during the interview, plaintiff also tried to show Casillas that he had an appointment with cardiology scheduled for after his intake interview. (Id. at 4.)

The next day, plaintiff submitted a grievance about Casillas' behavior, and a few days later Casillas submitted a disciplinary charge against plaintiff. (Id. at 3.) During plaintiff's interview regarding the appeal, which was conducted by Casillas, Casillas explicitly stated that he had written plaintiff up because of the appeal. (Id. at 4.) The two argued, and during the argument plaintiff began to have chest pains and returned to his cell for his nitro glycerin pills. (Id.) Another officer that was present asked plaintiff if he needed medical assistance, and when

plaintiff showed Casillas his medication, Casillas stated "so, and I take those too!" (Id.)

After plaintiff was charged with delaying a peace officer in the performance of his duties, he had a disciplinary hearing on November 8, 2017. (Id. at 6.) Defendant Shahid was the hearing officer and refused to allow plaintiff to submit documentary evidence regarding the incident. (Id.) Shahid found plaintiff guilty of the violation and assessed him a sixty-one-day credit loss. (Id.) Plaintiff appealed the disciplinary conviction and his appeal was granted because Shahid's refusal to allow him to submit documents violated due process. (Id. at 7.) Because of the due process violation, the disciplinary charge was re-issued so that it could be re-heard. (Id.) The re-hearing took place on March 16, 2018, before defendant Foster. (Id. at 8.) At the hearing, plaintiff told Foster that he had not requested and did not want a re-hearing and tried to show Foster his appeal showing that there had been a due process violation at his previous hearing and that he had already appealed to the third level. (Id. at 8-9.) Foster refused to look at the evidence of his appeal of the previous hearing, and while plaintiff tried to explain about the previous due process violation Foster told him that he "was not 'going to play with [him]'" and to "sit down!" (Id.) Foster then told plaintiff that he would hold the hearing without plaintiff present and plaintiff "asserted [his] right not to be present at a hearing that [he] did not request." (Id. at 7.) The hearing continued without plaintiff's presence and he was once again found guilty and assessed a credit loss of sixty-one days. (Id.)

IV. Claims for Which a Response Will Be Required

A viable First Amendment claim for retaliation must establish the following five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citations omitted). Plaintiff need not prove that the alleged retaliatory action, in itself, violated a constitutional right. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (to prevail on a retaliation claim, plaintiff "need not establish an independent constitutional interest" was violated); Hines v. Gomez, 108 F.3d 265, 269 (9th Cir. 1997) ("[P]risoners may still base retaliation claims on harms

that would not raise due process concerns.").

Plaintiff's allegations that defendant Casillas charged him with a disciplinary violation in retaliation for plaintiff filing an appeal against him are sufficient to state a claim for relief and Casillas will be required to respond to the claim.

V. Failure to State a Claim

A. Deliberate Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. (some internal quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted). Deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988) (citing Estelle, 429 U.S. at 104-05). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

Plaintiff appears to claim that defendant Casillas was deliberately indifferent to his serious medical needs when Casillas refused to listen to plaintiff's concerns regarding the conflict between the medication prescribed by medical and mental health staff. However, it is not clear what injury, if any, plaintiff suffered from Casillas' alleged refusal to listen to his concerns and

these allegations therefore fail to state a claim for deliberate indifference. Similarly, though plaintiff states that he tried to show Casillas that he had an appointment with cardiology, it is not clear that he suffered any injury from that interaction or that Casillas interfered with the appointment in any way. Plaintiff's allegations regarding Casillas' response to his chest pains during the appeals interview are also insufficient to state a claim. There is no indication that plaintiff required anything more than to get his nitro glycerin tablets from his cell, and he does not allege that Casillas prevented or delayed him from doing so. Nor does it appear that he answered affirmatively when the other officer asked if he needed medical assistance and that he was prevented from obtaining such assistance. Without more, the fact that Casillas was apparently unsympathetic to plaintiff's condition does not state a claim for deliberate indifference.

As for plaintiff's claims that defendants Shahid and Foster were deliberately indifferent, the alleged deliberate indifference was to his due process rights, which is not a viable claim.

B. Due Process

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citation omitted). However, an inmate subject to disciplinary sanctions that include the loss of good-time credits must receive (1) twenty-four-hour advanced written notice of the charges against him, id. at 563-64; (2) "a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary action," id. at 564-65 (internal quotation marks and citation omitted); (3) an opportunity to call witnesses and present documentary evidence where doing so "will not be unduly hazardous to institutional safety or correctional goals," id. at 566; (4) assistance at the hearing if he is illiterate or if the matter is complex, id. at 570; and (5) a sufficiently impartial fact finder, id. at 570-71. A finding of guilt must also be "supported by some evidence in the record." Superintendent v. Hill, 472 U.S. 445, 454 (1985). When a procedural error occurs that is later corrected through the administrative process, no compensable due process violation exists. Frank v. Schultz, 808 F.3d 762, 764 99th Cir. 2015) (citations omitted); Zacharie v. Chirila, 362 F. App'x 586, 587 (9th Cir. 2010) (citing

6

Zinermon v. Burch, 494 U.S. 113, 126 (1990) (holding that a constitutional violation is not complete "unless and until the State fails to provide due process" within the established administrative or statutory scheme)).

Plaintiff's allegation against defendant Shahid is based on Shahid's refusal to allow him to present evidence in his defense at his disciplinary hearing. Although this claim initially appears to state a claim for relief, any violation was corrected through the appeal and re-hearing of the disciplinary charge. Plaintiff's admitted refusal to participate in the re-hearing because he "had not requested any re-hearing" does not render the effort to cure the due process violation ineffective. Although plaintiff asserts that he was once again denied the ability to present evidence at his re-hearing, it appears from the allegations that the only evidence he attempted to submit was evidence that there had been an acknowledged due process violation in his original hearing, that he had appealed the violation to the third level, and that he had not asked for a rehearing. This evidence is unrelated to the charge of delaying a peace officer from his duties and the alleged refusal to accept such evidence does not implicate plaintiff's due process rights. There is no indication that plaintiff attempted to submit evidence related to the charges against him and was denied the opportunity to do so. Since plaintiff does not allege any other violations of his due process rights, any violation that occurred as a result of Shahid's refusal to accept plaintiff's documentary evidence was corrected by the re-hearing and he has failed to sufficiently allege a due process violation.

Although plaintiff also appears to claim that defendant Casillas violated his due process rights, it is not clear what conduct he believes violated his rights and the court is unable to identify any facts that would support a due process claim against Casillas.

VI.   Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state any cognizable claims against defendants Shahid and Foster or against Casillas for deliberate indifference or violation of plaintiff's due process rights. However, it appears that plaintiff may be able to allege facts to remedy this and he will be given the opportunity to amend the complaint if he desires.

7

Plaintiff may proceed forthwith to serve defendant Casillas on his retaliation claim, or he may delay serving any defendant and amend the complaint to attempt to fix the deficiencies identified above.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his retaliation claim against defendant Casillas without amending the complaint, the court will proceed to serve the complaint. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of defendants Shahid and Foster and plaintiff's deliberate indifference and due process claims against Casillas.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be

sufficiently alleged.

VII. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

Some of the allegations in the complaint state claims against the defendants and some do not. Your claim that defendant Casillas retaliated against you states a claim and Casillas will be required to respond to the claim. Your claims against Shahid and Foster do not state claims for relief because deliberate indifference to due process is not a claim and the due process violation from your first hearing was fixed by the re-hearing even though you chose not to take part in the re-hearing. There was not a due process violation in your second hearing because the documents you claim you tried to submit were unrelated to the charge of delaying a peace officer.

At this point, you can either (1) proceed immediately on your retaliation claim against defendant Casillas and voluntarily dismiss the other claims or (2) try to amend the complaint. If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice your claims against defendants Shahid and Foster and your deliberate indifference and due process claims against Casillas. If you choose to amend your complaint, the amended complaint must include all of the claims you want to make, including the ones that have already been found to state a claim, because the court will not look at the claims or information in the original complaint. **Any claims and information not in the amended complaint will not be considered.** You must complete the attached notification showing what you want to do and return it to the court. Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for completion of service).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF Nos. 2, 5) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently

herewith.

3. Plaintiff's claims against defendants Shahid and Foster and against Casillas for deliberate indifference and due process violations do not state claims for which relief can be granted.

4. Plaintiff has the option to proceed immediately on his retaliation claim against defendant Casillas as set forth in Section IV above, or to amend the complaint.

5. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of all claims against defendants Shahid and Foster and of the claims for deliberate indifference and due process against Casillas.

Dated: April 24, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:leon2004.14.option

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK E. LEONARD,<br><br>           Plaintiff,<br><br>   v.<br><br>G. CASILLAS, et al.,<br><br>           Defendants. | No. 2:18-cv-2004 CKD P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his First Amendment retaliation claim against defendant Casillas without amending the complaint. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice all of his claims against defendants Shahid and Foster and his deliberate indifference and due process claims against Casillas.

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

                                                                                                 Frederick E. Leonard
                                                                                                 Plaintiff pro se