UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK E. LEONARD,<br><br>  Plaintiff,<br><br>  v.<br><br>G. CASILLAS, et al.,<br><br>  Defendants. | No. 2:18-cv-2004 WBS CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. At all times relevant, defendants Shahid and Foster were employed by the California Department of Corrections and Rehabilitation (CDCR) at Deuel Vocational Institution (DVI). The claims which remain against defendant Foster arise under the First Amendment and the Due Process Clause of the Fourteenth Amendment. The claim which remains against defendant Shahid arises under the Due Process Clause of the Fourteenth Amendment. Defendants motion for summary judgement and plaintiff's cross motion for summary judgment are before the court.

I. Plaintiff's Allegations

In his first amended complaint, plaintiff alleges that after being charged with delaying a peace officer in the performance of his duties, a disciplinary hearing was held on November 8, 2017. Defendant Shahid was the hearing officer and refused to allow plaintiff to submit documentary evidence regarding the incident at issue. Defendant Shahid found plaintiff guilty of

1

1   the violation and assessed him a 61-day forfeiture of sentence credit.  Plaintiff appealed the
2   disciplinary conviction and his appeal was granted because Shahid's refusal to allow him to
3   submit documents violated the Due Process Clause of the Fourteenth Amendment.

4         Because of the due process violation, the disciplinary charge was voided and ordered to be
5   re-issued.  The re-hearing took place on March 16, 2018, before defendant Foster.  At the hearing,
6   plaintiff attempted to present documentary evidence, but Foster refused to accept it and told
7   plaintiff to "sit down & shut up."  Plaintiff told Foster that he was violating plaintiff's rights and
8   could face a civil action, to which Foster responded that he did not care about plaintiff's
9   paperwork and other arguments plaintiff was making and would punish plaintiff with an
10  additional "rules violation report" if plaintiff persisted.  Plaintiff did not persist and plaintiff was
11  not charged with an additional violation.  At some point, plaintiff was ordered to leave, and he
12  was once again found guilty and assessed a credit loss of 61 days.

13  II. Summary Judgment Standard

14        Summary judgment is appropriate when it is demonstrated that there "is no genuine
15  dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R.
16  Civ. P. 56(a).  A party asserting that a fact cannot be disputed must support the assertion by
17  "citing to particular parts of materials in the record, including depositions, documents,
18  electronically stored information, affidavits or declarations, stipulations (including those made for
19  purposes of the motion only), admissions, interrogatory answers, or other materials. . ."  Fed. R.
20  Civ. P. 56(c)(1)(A).

21        Summary judgment should be entered, after adequate time for discovery and upon motion,
22  against a party who fails to make a showing sufficient to establish the existence of an element
23  essential to that party's case, and on which that party will bear the burden of proof at trial.  See
24  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "[A] complete failure of proof concerning an
25  essential element of the nonmoving party's case necessarily renders all other facts immaterial."
26  Id.

27        If the moving party meets its initial responsibility, the burden then shifts to the opposing
28  party to establish that a genuine issue as to any material fact actually does exist.  See Matsushita


Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of their pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists or show that the materials cited by the movant do not establish the absence of a genuine dispute.  See Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"  Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the evidence of the opposing party is to be believed.  See Anderson, 477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).

III. Defendant Shahid

Defendants argue that plaintiff did not suffer any injury as a result of defendant Shahid's failure to allow plaintiff to present documentary evidence at the November 8, 2017 disciplinary hearing because the decision to revoke sentence credit was overturned.

It is well settled that a prisoner's accumulation of sentence credit for good conduct is a liberty interest entitled to due process protection. A prisoner's good conduct sentence credit may be revoked following prisoner disciplinary proceedings, but the Due Process Clause of the Fourteenth Amendment demands that the prisoner receive certain protections such as the ability to present documentary evidence. Wolff v. McDonnell, 418 U.S. 539, 563-71 (1974). Accepting plaintiff's assertion that defendant Shahid refused to allow plaintiff to present documentary evidence at the hearing held November 8, 2017, there still was no violation of the Due Process Clause because Shahid's revocation of plaintiff's sentence credit was reversed. The reversal of Shahid's decision was part of the due process protection afforded plaintiff, and it cured any procedural defect that may have occurred at the hearing held by defendant Shahid. Frank v. Schultz, 808 F.3d 762, 764 (9th Cir. 2015).

IV. Defendant Foster

Evidence presented by plaintiff indicates the 61 days of good conduct credit revoked by defendant Foster were automatically restored on May 31, 2019 pursuant to provisions of California law. ECF No. 61 at 40. Nothing before the court suggests plaintiff's sentence has been prolonged in anyway by the action of defendant Foster on May 31, 2019. This being the case, plaintiff suffered no loss of liberty entitled to due process protection. See Frank, 808 F.3d at 764 (district court's grant of summary judgment on due process claim proper where plaintiff "ultimately did not lose any good time credits"). See also Atwood v. Warner, No. CV-07-0341-CI, 2008 WL 4889968 *5 (E.D. Wash. Nov. 12, 2008) (no violation of due process when sentence credit taken via disciplinary proceedings restored in a Washington court).

Plaintiff's asserts that his ability to present certain forms of documentary evidence at his March 16, 2018 hearing as well as argument was protected under the First Amendment. Not so. As indicated above, any rights plaintiff might have at prison disciplinary proceedings which result

in the loss of good conduct sentence credit arise under the Due Process Clause and, as indicated above, plaintiff has no due process claim.  Of course, certain aspects of a prisoner's actual speech at prisoner disciplinary proceedings would be protected under the First Amendment and could not form a basis for punishment as to the speech alone.  Put another way, if plaintiff were punished exclusively for something he said at a disciplinary hearing as opposed to being found guilty as charged, the First Amendment would be implicated.  There is nothing before the court indicating plaintiff was punished in any way other than the loss of good conduct sentence credit.  While plaintiff alleges punishment was threatened by defendant Foster for plaintiff's conduct at the hearing, no injury resulted.

V.  Conclusion

For all of these reasons, the court will recommend that defendants' motion for summary judgment be granted and the court need not address defendants' argument that plaintiff failed to exhaust available administrative remedies with respect to the claims described above before filing suit.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendant Foster and Shahid's motion for summary judgment (ECF No. 56) be granted;

2. Plaintiff's cross-motion for summary judgment (ECF No. 61) be denied; and

3. Defendants Foster and Shahid be dismissed from this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The

/////
/////
/////

1  parties are advised that failure to file objections within the specified time may waive the right to

2  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3  Dated:  February 22, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
leon2004.msj