UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK E. LEONARD,<br><br>Plaintiff,<br><br>v.<br><br>G. CASILLAS, et al.,<br><br>Defendants. | No. 2:18-cv-2004 WBS CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. At all times relevant, defendant Casillas was employed by the California Department of Corrections and Rehabilitation (CDCR) at Deuel Vocational Institution (DVI) and plaintiff was housed there.

On June 6, 2019, the court screened plaintiff's amended complaint and found that plaintiff may proceed on a claim arising under the First Amendment against defendant Casillas. ECF No. 15 at 3; ECF No. 20. Specifically, the court found that "[p]laintiff's allegations that defendant Casillas charged him with a disciplinary violation in retaliation for filing an appeal against him are sufficient to state a claim for relief." ECF No. 15 at 3.

Defendant Casillas's motion for summary judgement is before the court. In the motion, Casillas asserts plaintiff did not exhaust available administrative remedies prior to filing suit.
/////

I. Plaintiff's Allegations

In his first amended complaint, plaintiff alleges on October 9, 2017, plaintiff was transferred to DVI where he encountered defendant Casillas, a counselor, in the reception center during processing. During an intake interview, plaintiff attempted to advise Casillas about issues concerning his medications. Defendant Casillas refused to listen and threatened to charge plaintiff with a disciplinary infraction. Plaintiff told Casillas that he would file a grievance, and in response, Casillas threatened to have his case "streamlined," which the court infers to mean that all of plaintiff's medical concerns would not be addressed. At some point during the interview, plaintiff also tried to show Casillas that he had a medical appointment scheduled for after his intake interview.

On October 10, 2017, plaintiff submitted a grievance, DVI-17-03387, about Casillas's behavior, and a few days later Casillas submitted a disciplinary charge, No. 3540524, alleging plaintiff delayed a peace officer in the performance of his duties. Plaintiff was ultimately found guilty of the charge and 61 days good conduct sentence credit was revoked.

During the November 1, 2017 hearing as to plaintiff's grievance, Casillas explicitly stated that he had submitted disciplinary charges against because of the grievance. However, there is no allegation in plaintiff's first amended complaint that plaintiff ever submitted a grievance alleging that Casillas retaliated against plaintiff for filing a grievance.

II. Exhaustion Standard

Under 42 U.S.C. § 1997e(a) "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." At the time of the incidents at issue in this case, administrative procedures with respect to claims brought in this court by California Department of Corrections and Rehabilitation inmates are exhausted once the third level of review is complete. The third level of review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation (CDCR). Cal. Code Regs. tit. 15, § 3084.7.

/////

If undisputed evidence viewed in the light most favorable to the prisoner / plaintiff shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014). If there is at least a genuine issue of material fact as to whether there was exhaustion, the motion for summary judgment must be denied. See Fed R. Civ. P. 56(a).

III. Analysis

Defendant Casillas points to evidence indicating that the disciplinary charge plaintiff alleges was an act of retaliation was submitted on October 16, 2017. ECF No. 65-3 at 16. Defendant Casillas also points to evidence indicating that plaintiff never filed a grievance challenging the initiation of prisoner disciplinary proceedings as retaliatory. ECF No. 65-3 at 30 & 37. Plaintiff does not dispute that he did not file a grievance concerning the initiation of disciplinary proceedings against him, nor does he explain why he failed to do so.

IV. Conclusion

Because there is no genuine issue of material fact as to whether plaintiff exhausted available administrative remedies with respect to his remaining claim against defendant Casillas prior to bringing this action, the court will recommend that this action be dismissed.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendant Casillas's motion for summary judgment (ECF No. 65) be granted;

2. Plaintiff's remaining claim against defendant Casillas be dismissed for failure to exhaust available administrative remedies prior to filing suit; and

3. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The

/////

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 3, 2021

                                                     CAROLYN K. DELANEY
                                                   UNITED STATES MAGISTRATE JUDGE

---

[1] leon2004.msj(2).exh